UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:13-CR-00233-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| GUSTAVO QUINTERO MARTINEZ, | |
| Defendant. | |

On May 15, 2015, Defendant Gustavo Quintero Martinez filed a pro se motion for reduction in sentence, on the basis of Amendment 782 to the United States Sentencing Guidelines which became effective on November 1, 2014. (ECF No. 68.) The Government has opposed the motion. (ECF No. 74.)

Amendment 782 retroactively reduced the base offense level for most drug offenses by two levels. On review, the Court notes that Defendant already received the two level reduction at the time of sentencing, resulting in a sentence at the low end of the range as if Amendment 782 were in effect. Therefore, Defendant is not eligible for a further reduction in sentence on this basis.

Specifically, on October 17, 2013, Defendant pled guilty to Count 2 in the Superseding

1

Indictment, charging possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 18.)

Defendant was sentenced by this Court on February 13, 2014. The Presentence Report, dated December 19, 2013, determined the final offense level to be 33, and the criminal history category to be 1, resulting in a guideline range of 135 to 168 months. (ECF No. 28.)

At sentencing, the parties jointly requested that the Court determine the offense level to be 31, resulting in a range of 108 to 135 months imprisonment. This request was made in light of Amendment 782. (Transcript of Sentencing Hearing, ECF No. 64 at 3–4.) The Court found the offense level to be 31, with a range of 108 to 135 months, and sentenced Defendant to the low end at 108 months.

Because Defendant already received the benefit of the two level reduction pursuant to Amendment 782, application of that amendment now would not lower his guideline range. *See U.S. v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) (explaining that under 18 U.S.C. § 3582(c)(2), a reduction of Defendant's sentence must be consistent with applicable policy statements issued by the Sentencing Commission; and a sentence reduction is not consistent with Guidelines § 1B1.10 if an amendment does not have the effect of lowering the defendant's guideline range).

Defendant does not identify another basis for reduction. Therefore, for the above reasons, Defendant's motion for reduction is hereby DENIED.

Dated: November 10, 2015

Troy L. Nunley
United States District Judge